UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EQUIFY FINANCIAL, LLC,

Plaintiff,

v.

COOL TRANS CARRIER INC, *et al.*,

Defendants.

Case No. 1:26-cv-05970-KES-CDB

ORDER DIRECTING PLAINTIFF TO FILE APPLICATION FOR DEFAULT OF DEFENDANT COOL TRANS CARRIER INC.

(Doc. 6)

ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT

(Doc. 5)

**14-Day Deadline**

ORDER VACATING OCTOBER 27, 2026, SCHEDULING CONFERENCE

(Doc. 4)

Plaintiff Equify Financial, LLC ("Plaintiff") initiated this action with the filing of a complaint against Defendants Cool Trans Carrier Inc. ("Cool Trans"), Gill Pal Kaur Harmesh, and M & S Bros. Trucklines Inc. ("M & S Bros.") (collectively, "Defendants") on July 29, 2026. (Doc. 1). The next day, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for October 27, 2026. (Docs. 4, 5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint"

and "promptly file proofs of service." (Doc. 4 at 1, 2). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

**Discussion**

On October 5, 2026, Plaintiff filed a proof of service of summons and complaint. (Doc. 6). The filing appears to reflect service upon Defendant Cool Trans by delivery of process to an individual represented to be a "Clerk" and "apparently in charge" at Cool Trans's place of business, followed by mailing to an address and the attention of a purported agent for service of process. *Id.* at 1, 4; *see* Fed. R. Civ. P. 4(h) (rules regarding service upon a corporation, partnership, or association by the manner for serving an individual under Rule 4(e)(1) or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process); Cal. Code Civ. P. § 415.20 (permitting service by "leaving a copy of the summons and complaint during usual office hours in the person's office … with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.").

Because Plaintiff's proof of service plausibly reflects service upon Defendant Cool Trans was completed and effective as of August 14, 2026, given the summons and complaint were mailed to Defendant Cool Trans on August 4, 2026, at the same place where a copy of the summons and complaint were left with the individual, *see* Cal. Code Civ. P. § 415.20(a) (noting "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing"), Defendant Cool Trans has defaulted in failing to timely respond to Plaintiff's complaint by September 4, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, Plaintiff will be directed to file an application to the Clerk of the Court for entry of default as to Defendant Cool Trans.

However, Plaintiff's proof of service does not reflect service was completed upon individual Defendant Harmesh. Neither Rule 4 of the Federal Rules of Civil Procedure nor California state law authorizes service upon an individual defendant in the same manner as service upon a business entity. Nothwithstanding the Court's assessment that Plaintiff's service upon Cool

Trans is facially valid, and even assuming Defendant Harmesh is, as Plaintiff's proof of service represents, an authorized agent for service of process upon Cool Trans, it does not follow that Plaintiff may effect service upon Defendant Harmesh (an individual) in a manner that is authorized only as a method for service upon a business entity. Thus, the delivery by Plaintiff's process server of a copy of the summons and the complaint upon a "Clerk" at the Cool Trans address and subsequent mailing of a copy of process to Cool Trans's business address does not constitute service upon Defendant Harmesh.

Finally, Plaintiff has not filed any return for the other business entity Defendant, M & S Bros..

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, because Plaintiff has not demonstrated completion of service of process upon either Defendants Harmesh or Defendant M & S Bros. and neither of these Defendants has filed a responsive pleading or otherwise appeared, the Court is unable to proceed with the scheduling conference. Moreover, because the 90-day deadline to serve Defendants Harmesh and M & S Bros. will soon expire, the Court may be required to dismiss unserved Defendant unless Plaintiff demonstrates good cause to extend the deadline to effect service. Accordingly, the Court will vacate the scheduling conference and direct Plaintiff to timely file proofs of service or show cause to extend the Rule 4(m) deadline to effect service upon Defendants Harmesh and M & S Bros.

///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. As Defendant Cool Trans Carrier Inc. appears to have been served properly (*see* Doc. 6) and has failed to timely respond to Plaintiff's complaint (Doc. 1), Plaintiff SHALL FILE no later than **October 21, 2026**, an application to the Clerk of the Court for entry of default as to Defendant Cool Trans Carrier Inc.;
2. **Within 30 days** of any entry of default by the Clerk of the Court, Plaintiff SHALL FILE AND SERVE upon defaulting Defendant Cool Trans Carrier Inc. a motion for default judgment;
3. **Within 14 days** of service of this order, Plaintiff SHALL file either (1) proofs of service demonstrating service of summons and complaint upon Defendants Gill Pal Kaur Harmesh and M & S Bros. Trucklines Inc. consistent with Fed. R .Civ. P. 4, or (2) a declaration demonstrating good cause to extend the deadline to effect service upon Defendants Gill Pal Kaur Harmesh and M & S Bros. Trucklines Inc.; and
4. The scheduling conference set for October 27, 2026 (Doc. 4) is VACATED, to be reset as necessary pending Plaintiff's compliance with the Court's orders and Rule 4.

**Any failure by Plaintiff to timely comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's orders and Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **October 16, 2026**

UNITED STATES MAGISTRATE JUDGE